## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAURICE B. STEWART, JR.                  *

Plaintiff                                *

v                                        *          Civil Action No. JFM-14-1887

OFFICER DAVIS, et al.                    *

Defendants                               *
                                       ***

### MEMORANDUM

Pending is defendants' response to show cause, construed as a motion for summary judgment. ECF 4. Plaintiff was advised that the response would be construed as a motion for summary judgment, of his right to file an opposition response, and of the consequences of failing to do so. ECF 5. He has replied. ECF 9. For the reasons that follow, plaintiff's request for injunctive relief shall be denied as moot and the case dismissed.

### Background

Plaintiff, an inmate currently confined at the North Branch Correctional Institution ("NBCI") filed the instant complaint alleging that while confined at Western Correctional Institution (WCI), he was "in conflict with all of the gang members in this prison." ECF No. 1. Plaintiff states that despite making WCI staff aware of the threats to his safety, nothing was done to protect him. He asserts that on May 24, 2013, Officer Davis placed inmate Danzel Carter into plaintiff's cell. Plaintiff states that Carter is a gang member and advised plaintiff that both Davis and his gang affiliates told Carter to beat up plaintiff. *Id.* Plaintiff states Davis provided Carter with contraband as an incentive to have him carry out the "hit" on plaintiff. *Id.* Additionally, plaintiff claims that Carter advised him that "all of the rest of the officers" told Carter that if killed plaintiff they would support him by writing a false report and assisting him

with any criminal charges. *Id.* Additionally, plaintiff states that he should be housed in a medical cell and indicates that his medical conditions which causes him to be incontinent creates difficulty with him being in a regular cell with another inmate. *Id.* He seeks to be moved into a single cell. *Id.*

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

2

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate that: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). "[T]o survive summary judgment, [Plaintiff] must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Farmer v. Brennan*, 511 U.S. 825, 846 (1994).

Defendants assert that as part of a routine cell move Carter was placed in plaintiff's cell on May 17, 2014. ECF No. 4, Ex. 1. Neither inmate was a documented enemy of the other. They remained housed together until June 12, 2014, when plaintiff alleged that he was assaulted by Carter. The Internal Investigation unit was notified. Defendants indicate that at no time prior to the assault did plaintiff inform staff he felt unsafe being housed with Carter. *Id.* Davis avers that he did not encourage Carter to assault plaintiff or provide Carter with contraband. *Id.*, Ex. 4.

3

Plaintiff was transferred to NBCI on June 20, 2014. *Id.*, Ex. 5. Plaintiff disputes defendants' contentions that they were unaware of his concerns for his safety. ECF No. 9.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson,* 415 U. S. 452, 459 n.10 (1974). Where developments occur during the course of a case which prevent the court from being able to grant the relief requested, the case must be dismissed. *See Flast v. Cohen,* 392 U.S. 83, 95 (1968).

The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979); *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987); *see also Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear that Plaintiff is no longer housed at WCI but rather has been moved to NBCI, his request for injunctive relief has been rendered moot. Consequently, the instant complaint for injunctive relief shall be dismissed as moot.[1]

---

[1] Plaintiff is free to file a civil rights complaint for damages regarding his allegation that staff failed to protect him from an assault by another inmate. The court further notes that plaintiff's civil rights complaint concerning his medical care, wherein he seeks, among other things, assignment to the prison infirmary due to his chronic health problems remains pending. *Stewart v. MD DOC et al.,* Civil Action No. JFM-14-570. Additionally, plaintiff has

_10/31/17_
Date

J. Frederick Metz
United States District Judge

---

filed a complaint seeking an order directing he be single celled at NBCI. *See Stewart v. Warden*, JFM-14-3026. A response is due in that case.